FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 OCT -3 PM 3:40

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF INTERNATIONAL MARINE, LLC, AS OWNER OF THE M/V INTERNATIONAL TITAN, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § | CIVIL ACTION<br>NO. 07-6424<br>SECTION<br>MAGISTRATE |

SECT. L MAG. 3

**VERIFIED COMPLAINT AND PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

The Complaint of Petitioner, International Marine, LLC ("International Marine"), appearing through undersigned counsel, in a cause for limitation of an/or exoneration from liability, civil and maritime, within the purview of 46 U.S.C. §183, et seq., Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, with respect, represents on information and belief.

**JURISDICTION**

1. This case is within the admiralty and maritime jurisdiction of this Court, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and 28 U.S.C. § 1333.

___ Fee 350.
✓ Process
X Dktd
___ CtRmDep
___ Doc. No.

## VENUE

2. Venue is proper in this district pursuant to Supplemental Admiralty Rule F(9) because International Marine, the owner of *M/V INTERNATIONAL TITAN*, is located in this district as is the M/V INTERNATIONAL TITAN.

## FACTS

3. International Marine is a corporation organized and existing under the laws of Louisiana, with its principal place of business located at 11864 Highway 308, Larose, Louisiana 70373.

4. The primary commercial purpose of International Marine is in production and construction support including field support, sand blasting operations, dive support and top side construction projects.

5. At all relevant times, Petitioner was the owner of the *M/V INTERNATIONAL TITAN*, a mini-supply vessel built in 1981 at Escatawpa, Mississippi, with a length, breadth and depth of 130.2 feet, 30 feet and 10.5 feet, respectively. The Official Number is 639248.

6. Moreover, at all relevant times, International Marine used due diligence to make and maintain the *M/V INTERNATIONAL TITAN* in all respects seaworthy, and she was in fact, at all times material hereto, tight, staunch, strong, and fully and properly manned, equipped and supplied, and in all other respects seaworthy and fit for the service in which she was engaged.

7. On or about February 12, 2007, the *M/V INTERNATIONAL TITAN* was entering the channel at the mouth of the Cameron Jetties in Cameron Parish, Louisiana, when it was

contacted by the outbound vessel, *MISS KATHRYN*, which on information and belief was owned and/or operated by Defendant, Seacor Marine LLC and/or Seacor Marine, Inc.

8. Paul Duet alleges that he was an invitee on the *MISS KATHRYN* at the time of the collision mentioned above.

9. Duet alleges that he sustained severe and disabling injuries when the *M/V INTERNATIONAL TITAN* and the *MISS KATHRYN* collided. As a result, on April 3, 2007, Duet initiated Civil Action No. G-07-186, in the United States District Court for the Southern District of Texas, Galveston Division, against Seacor Marine LLC, Seacor Marine, Inc. and International Marine LLC. However, as noted above, that matter was transferred to this District by Order dated September 25, 2007, a copy of which is attached hereto as Exhibit "A."

10. Duet's alleged injuries were not in any way caused or contributed by any fault, neglect, want of due care, design or unseaworthiness on the part of the *M/V INTERNATIONAL TITAN*, her owners, operators and/or the Master, or any other agent of the Petitioner.

11. The incident and damages occurred without the privity or knowledge of International Marine.

12. Notwithstanding, claims and demands have been made or will be made against International Marine. To the best of International Marine's knowledge, no warrant of arrest or any other writ of seizure has been levied against the *M/V INTERNATIONAL TITAN* as a result of any claims or demands.

13. The amount of claims and demands exceed the value of the *M/V INTERNATIONAL TITAN*, including any pending freight immediately after the incident.

14. As shown in the Affidavit of Value, attached hereto as Exhibit "B", the *M/V INTERNATIONAL TITAN* had a value after the incident of $1,000,000. International Marine was owed no money for pending freight.

**CAUSES OF ACTION**

15. International Marine specifically denies any and all liability and any and all liability of the *M/V INTERNATIONAL TITAN* for the incident and alleged damages described above. There are valid defenses in fact and in law to these claims. Therefore, International Marine and the *M/V INTERNATIONAL TITAN* are entitled to complete exoneration from liability.

16. Further, International Marine and the *M/V INTERNATIONAL TITAN* claim the benefit of the Limitation of Liability Act, 46 U.S.C. App. §§ 181 – 189, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and any and all Acts of the Congress of the United States amendatory thereof and supplementary thereto, and the rules of practice of this Court and the Supreme Court of the United States.

17. Subject to an appraisal of Petitioner's interest in the M/V INTERNATIONAL TITAN, should one be ordered, Petitioner offers and elects to file as security a Letter of Guarantee/Undertaking issued by State National Insurance Company on October 2, 2007, in the amount of ONE MILLION AND NO/100 ($1,000,000.00) DOLLARS, together with interest at the rate of six percent per annum, plus costs, for the payment of Petitioner's interest in the M/V INTERNATIONAL TITAN. Petitioner specifically reserve the right to apply to this Court to

reduce the amount of the Letter of Guarantee/Undertaking and the limitation fund in accordance with final evaluations and applicable statutes.

18. Petitioner does not know the full nature of or the total amount of all claims that may potentially be made for loss, damage or destruction and/or personal injury or death occurring as a result of the matters and happenings recited hereinabove, but anticipates, fears and believes that suits or claims will be asserted and prosecuted against it and the M/V INTERNATIONAL TITAN in amounts exceeding the total sum or sums for which Petitioner may be legally responsible or may be required to pay under the applicable statutes governing limitation of and/or exoneration from liability.

19. Annexed hereto and marked as Exhibit C is a list of all claims pending of which Petitioner has knowledge as of the time of the filing of this Complaint. Upon information and belief, Petitioners is, as of this date, unaware of any other suits, petitions, demands, unsatisfied claims or liens against the M/V INTERNATIONAL TITAN in connection with the matters and happenings recited hereinabove, except as noted in Exhibit C.

## PRAYER

**WHEREFORE**, Petitioner prays that:

1. This Honorable Court cause due appraisement to be made of the amount of the value of Petitioner's interest in the M/V INTERNATIONAL TITAN and its pending freight for the aforesaid voyage.

2. The Court issue an order directing petitioners to file the Letter of Guarantee/Undertaking, approved by the Court, for the payment into the Registry of the Court of the amount of said interest, whenever the Court shall order.

3. Upon filing of the Letter of Guarantee/Undertaking, as aforesaid, in the amount determined by the Court, with interest, the Court cause a notice to be issued against all persons asserting claims in respect to which Petitioner seeks limitation, citing them to file their respective claims with the Clerk of said Court and serve and/or mail to the undersigned a copy thereof on or before the date to be named in said notice.

4. The Court, upon filing by Petitioner of the Letter of Guarantee/Undertaking, as aforesaid, issue an injunction, restraining the filing, commencement and further prosecution in any court whatever of any and all suits, actions and legal proceedings of whatever nature or kind whatsoever against Petitioner, its insurers/underwriters, and the M/V INTERNATIONAL TITAN, whether *in personam*, by attachment *in rem*, and additionally dissolving the arrest or attachment of any property of Petitioner pursuant to any proceedings *in rem*, or by attachment, for loss, damage and destruction done, occasioned or incurred by reason of or resulting from the aforesaid incident, or occurring during the aforesaid voyage, except in the present proceeding, against Petitioner or any other person having or claiming to have an interest of any kind in the M/V INTERNATIONAL TITAN.

5. If any claimant who shall file its claim under oath shall file an exception, controverting the value of the M/V INTERNATIONAL TITAN and its condition as alleged herein, in the amount of the approved security as aforesaid, that this Court shall cause due appraisal to be made of the value of the M/V

INTERNATIONAL TITAN as it was at the completion of the voyage referred to herein, and its freight then pending, and the value of the Petitioner's interest therein; and in the event said appraised values exceed the limitation fund or the security filed with the Court, that this Honorable Court enter an order for the payment by Petitioner into the Court of the value of Petitioner's interest therein, or for the giving of approved security by Petitioner in such amount pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure.

6. This Court adjudge that Petitioner is not liable to any extent whatsoever for any loss, damage or destruction, or for any claims whatsoever arising from the consequences of the matters, happenings and events stated in this Complaint, and exonerate Petitioner, its insurers and the M/V INTERNATIONAL TITAN from liability therefor.

7. In the alternative, and if this Court should adjudge that Petitioner is liable for any amount whatsoever, said liability shall be limited to the value of the amount of Petitioner's interest in the M/V INTERNATIONAL TITAN as aforesaid, that the monies paid or ordered to be paid, as aforesaid, may be divided pro rata among such claimants as they prove their claims, saving to all parties the priority to which they may be entitled, and that a decree be entered discharging Petitioner and its insurers from all other liabilities.

8. In the further alternative, said liability shall be limited to the value of the amount of the Petitioner's interest in the M/V INTERNATIONAL TITAN, and her freight pending, but no further.

9. That Petitioner has such other and further relief as may be just and proper.

Respectfully submitted,

Michael A. McGlone (#9318)
Heather A. Johnson ($5000)
Kean, Miller, Hawthorne, D'Armond,
McCowan, & Jarman, L.L.P.
909 Poydras Street, Suite 1450
New Orleans, Louisiana 70112
Telephone: 504.585.3050
Fax: 504.585.3051
*Attorneys for Petitioner,*
*International Marine, LLC*

**VERIFICATION**

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared:

**MICHAEL A. McGLONE**

who being duly sworn, on his oath deposed and stated the following:

1. He is a member of the law firm of Kean, Miller, Hawthorne, D'Armond, McCowan, & Jarman, L.L.P., attorneys for Petitioner, INTERNATIONAL MARINE, LLC and as owner of the M/V INTERNATIONAL TITAN; and

he has read the above and foregoing Complaint and knows the contents thereof, and verifies that the matters set forth therein are accurate, true and correct to the best of his knowledge, information and belief, and based upon information developed during the investigation of the alleged accident referred to in the Complaint.

MICHAEL A. McGLONE

SWORN TO AND SUBSCRIBED
BEFORE ME on this the 2nd day of
October, 2007.

Notary Public

STEPHEN C. HANEMANN, 28069
Notary Public in and for
the State of Louisiana.
My Commission is for Life.