# Exhibit A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PAUL DUET | § | CIVIL ACTION NO. G07-186 |
| | § | |
| VS. | § | |
| | § | Pursuant to Rule 9(h) of |
| SEACOR MARINE LLC, | § | the Federal Rules of |
| SEACOR MARINE, INC. | § | Civil Procedure - ADMIRALTY |
| INTERNATIONAL MARINE LLC | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW PAUL DUET, Plaintiff, complaining of Defendants, SEACOR MARINE LLC, SEACOR MARINE, INC. and INTERNATIONAL MARINE LLC, and, for cause of action, would respectfully show unto this Honorable Court the following:

I.

1. Plaintiff, PAUL DUET, is a citizen and resident of the state of Louisiana.

2. Defendant, SEACOR MARINE LLC, is a foreign corporation with its principal place of business in this District, doing business in this District and in the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its officer and/or director at: (a) Seacor Marine LLC, 2008 Jones Road, Freeport, TX 77541; (b) Seacor Marine LLC, 11200 Richmond Avenue, Suite 400, Houston, TX 77082.

3. Defendant, SEACOR MARINE, INC., is a foreign corporation with a principal place of business in this District, doing business in this District and in the state of Texas for the purpose of accumulating monetary profit, and may be served with process through its officer and/or director at: (a) Seacor Marine LLC, 2008 Jones Road, Freeport, TX 77541; (b) Seacor Marine LLC, 11200 Richmond Avenue, Suite 400, Houston, TX 77082.

4.   Defendant, INTERNATIONAL MARINE LLC, is a foreign corporation doing business in the State of Texas for the purpose of accumulating monetary profit, but does not maintain a regular place of business or a designated agent upon whom service of process may be had for causes of action arising out of such business done in the State of Texas. For these reasons, service of process is to be made pursuant to Tex.Civ.Prac. & Rem Code § 17.044 by serving the Secretary of State of Texas as agent for INTERNATIONAL MARINE LLC. This suit arises out of business contacts in this State and, under the circumstances, INTERNATIONAL MARINE LLC has appointed the Secretary of State of Texas as its agent upon whom service of process may be had in this action. The Secretary of State is requested to forward a copy of this Complaint, along with Summons, to this Defendant by forwarding same by certified mail, return receipt requested, to Defendant, INTERNATIONAL MARINE LLC, at its home office, 11864 Hwy 308, P.O. Box 1607, Larose, LA 70373.

II.

This is a case of admiralty and maritime jurisdiction, 28 U.S.C. § 1333, and brought pursuant to the general maritime law. This is an admiralty or maritime claim within the meaning of Rule 9(h), and is brought pursuant to Rule 9(h).

III.

Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States, FRCP 82.

### IV.

At all material times hereto, Defendants SEACOR MARINE LLC and/or SEACOR MARINE, INC. (collectively "Seacor") were the owners and/or operators of the vessel (believed to be MISS CATHERINE) which caused Plaintiff's injury, a vessel operating on the navigable waters of the United States of America.

### V.

At all material times hereto, Defendant INTERNATIONAL MARINE LLC was the owner and/or operator of the vessel INT'L TITAN, the vessel which caused injury to Plaintiff, a vessel operating on the navigable waters of the United States of America.

### VI.

On or about February 12, 2007, Plaintiff was an invitee on the SEACOR vessel and sustained severe and disabling injuries when Defendants' vessels collided. Said injuries were caused by the negligence of the Defendants, their agents, servants and/or employees.

### VII.

By reason of the occurrence made the basis of this action, including the conduct on the part of the Defendants, Plaintiff sustained severe bodily injuries as described above. As a result of said injuries, Plaintiff has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life. As a result of the foregoing injuries, the Plaintiff has suffered a loss of wages in the past, and a loss of capacity to work and earn money in the future and, in reasonable probability, his earning capacity has been impaired permanently. Additionally, Plaintiff has incurred

reasonable and necessary medical expenses in the past and, in reasonable probability, will incur reasonable medical expenses in the future. Additionally, as a result of the injuries sustained in said occurrence, Plaintiff has suffered in the past, and will, in reasonable medical probability, continue to suffer permanent physical impairment.

### VIII.

Pleading further, in the alternative, if it be shown that Plaintiff was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendants, for all costs of Court, and for all such other and further relief, at law and in equity, to which he may be justly entitled.

Respectfully submitted,

Michael W. Hogue & Associates

/s/ Michael W. Hogue

Michael W. Hogue
State Bar No. 09809800
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:  713-653-5600
Facsimile:   713-653-5656
Email:        mhogue@spaglaw.com

# Exhibit B

COPY

```
03/04/1999  21:29    901-522-8758           CUMMINS MID-SOUTH         PAGE  02
                                5046310081;    Mar-5-99  7:58;        Page
Sent By: CUMMINSMIDSOUTHINC;
         MAR 04 '99  04:50PM SEACOR MARINE INC.                        P.2
```

FAXED 3/5/99

## SUBCONTRACTOR AGREEMENT

THIS AGREEMENT, dated this __5TH__ day of __MARCH__, 199_9_ by and between SEACOR Marine Inc. and its subsidiaries and affiliated companies, a Delaware corporation, with offices at Morgan City, Louisiana, hereinafter referred to as "CONTRACTOR" and __CUMMINS MID-SOUTH INC__, a __TENNESSEE__ corporation, with offices at __MORGAN CITY, LA__, hereinafter referred to as "SUBCONTRACTOR".

### WITNESSETH

In consideration of the covenants herein contained and the payments herein provided to be made by CONTRACTOR to SUBCONTRACTOR, the parties hereto agree as follows:

1.

SUBCONTRACTOR hereby undertakes to provide and perform the following equipment and services: __REPAIR AND MAINTENANCE OF DIESEL ENGINES AND PARTS__

in accordance with CONTRACTOR'S specifications submitted to SUBCONTRACTOR which are made a part of this contract by reference (the "Work").

2.

SUBCONTRACTOR shall commence operations hereunder upon notification by CONTRACTOR to do so. Once having commenced work under this agreement, SUBCONTRACTOR shall prosecute same to completion with all due effort and diligence and in a good and workmanlike manner. This agreement shall not be assigned, sublet or transferred in whole or in part by SUBCONTRACTOR, except with previous written consent of CONTRACTOR.



3.

SUBCONTRACTOR shall perform all work hereunder in full compliance with all applicable laws, ordinances, regulations and orders of all governmental agencies, whether federal, state or local.

4.

SUBCONTRACTOR shall pay all federal and states taxes and contributions including those assessed against employees, which the employer is required to pay with respect to wages and salaries earned by persons employed in SUBCONTRACTOR'S operations hereunder, and SUBCONTRACTOR shall make all reports required in connection therewith. SUBCONTRACTOR shall indemnify CONTRACTOR against and hold it harmless from any and all liability and claims for payment of such taxes and contributions as well as all penalties, interests and cost associated in connection therewith.

5.

SUBCONTRACTOR agrees to indemnify, defend and hold harmless CONTRACTOR, its partners, agents, employees and subcontractors, from and against any and all claims, demands, or suits for damages to persons and/or property (including, but not limited to, claims, demands, or suits for bodily injuries, emotional and psychological injuries, illness, disease, death, loss of service, maintenance, cure, property, or wages) which may be brought against CONTRACTOR by SUBCONTRACTOR'S employees or employees of subcontractors of SUBCONTRACTOR incident to, arising out of, in connection with, or resulting from the activities of SUBCONTRACTOR, its employees and agents or its subcontractors and their employees and agents, or in connection with the work to be performed, services to be rendered, or materials to be furnished by SUBCONTRACTOR whether occasioned, brought about, or caused in whole or in part by the negligence of CONTRACTOR, its agents, directors, officers, employees, servants or subcontractors, or otherwise, or by any defect in property or the unseaworthiness of any vessel owned, operated, or controlled by CONTRACTOR regardless of whether such negligence, defect,

2

03/04/1999 21:29   901-522-8758                    CUMMINS MID-SOUTH         PAGE 04
Sent By: CUMMINSMIDSOUTHINC;           5046310081;       Mar-5-99  7:58;     Page 5/6
         MAR 04 '99 04:51PM SEACOR MARINE INC.                                P.4

or unseaworthiness be active or passive, primary or secondary, or exists at the time of this contract or arises later.

6.

For all operations performed by SUBCONTRACTOR hereunder, SUBCONTRACTOR shall carry, at his expense for the protection of both SUBCONTRACTOR and CONTRACTOR, necessary coverages of insurance with minimum limits of $1,000,000 to be evidenced by a Certificate of Insurance provided to CONTRACTOR by SUBCONTRACTOR prior to start of work. CONTRACTOR shall be added under said policies as an additional assured for the scope of work performed and for the time period covered by this agreement and shall waive underwriter's rights of subrogation against CONTRACTOR. At the very minimum, SUBCONTRACTOR should carry insurance such as Comprehensive General Liability, Workman's Compensation, Employer's Liability inclusive of Maritime Employer's Liability and Excess Maritime Employer's Liability, and Protection and Indemnity. All such insurance shall be properly endorsed to afford full protection for all operations and services performed hereunder by SUBCONTRACTOR in and upon the waters of the Gulf of Mexico and ashore, with any watercraft exclusion being deleted.

7.

SUBCONTRACTOR agrees that all of its operations hereunder are to be performed by it as an independent contractor and that neither SUBCONTRACTOR nor SUBCONTRACTOR'S employees are employees of CONTRACTOR.

8.

SUBCONTRACTOR agrees that while on CONTRACTOR'S premises, it will observe such safety rules as CONTRACTOR shall prescribe as necessary for the protection of SUBCONTRACTOR'S personnel and property. SUBCONTRACTOR shall familiarize itself with all directives posted at work locations and with CONTRACTOR'S safety manual, a copy of which is

3

to be furnished to SUBCONTRACTOR; however, safety remains the primary responsibility of SUBCONTRACTOR and the safety manual of the CONTRACTOR is intended to supplement, not replace, SUBCONTRACTOR'S safety program. CONTRACTOR reserves the right to refuse to allow SUBCONTRACTOR'S personnel to remain on CONTRACTOR'S premises or to terminate this agreement if a good safety program is not followed.

IN WITNESS WHEREOF, the parties hereto have executed this agreement in duplicate on the day and year first above written.

WITNESSES:                              SEACOR MARINE INC.

_____               BY: _____

_____               Its: _____

                                        CUMMINS MID-SOUTH INC
                                        (SUBCONTRACTOR)
_____               BY: _____

                                        Its: VP - FINANCE

4

# Exhibit C

# LEGGE, FARROW, KIMMITT, McGRATH & BROWN, LLP.



**ATTORNEYS AT LAW**
6363 WOODWAY
SUITE 400
HOUSTON, TEXAS 77057
(713) 917-0888
www.leggefarrow.com

JAMES T. BROWN
jimbrown@leggefarrow.com
(713) 706-1947

FACSIMILE
(713) 953-9470

June 1, 2007

Mr. Mark Whitehead
Vice President – Finance
Cummins Mid-South, Inc.
9508 Highway 182, East
Morgan City, LA 70380

*Certified Mail – RRR*

Re:  *Paul Duet vs. Seacor Marine LLC, Seacor Marine, Inc., International Marine LLC*; Cause No. G07-186, In the United States District Court for the Southern District of Texas, Galveston Division
**Our Ref: 288-015**

Dear Mr. Whitehead:

We are counsel for the Seacor companies ("Seacor") in the captioned matter. Seacor has been served with a lawsuit arising out of the above referenced matter. In connection with the lawsuit, please find enclosed a copy of Plaintiff's Complaint and the Answer we have filed on behalf of Seacor.

## Background

Paul Duet, an employee of Cummins, alleges he was injured on February 12, 2007, while on board the Seacor vessel *Miss Kathryn* during the course of his employment. At the time of his alleged injury, Seacor and Cummins were operating under a Subcontractor Agreement, dated March 5, 1999 and signed by Martin C. Bair. (A copy of the Agreement is enclosed).

## Defense and Indemnity from Cummins

We respectfully direct your attention to Section 5 of the Agreement, wherein Cummins agreed to "defend, indemnify and hold harmless" Seacor from and against any and all claims for bodily injury asserted by employees of Cummins' or any Cummins contractor. Although Seacor denies liability in this case, in the event that Seacor incurs expenses for damages, either as a result of a settlement or a court judgment, or in the way of attorneys' fees, Cummins would be liable to Seacor for these expenses. Seacor values its relationship with Cummins. As an employee of a Cummins is suing Seacor, we respectfully request that Cummins assume the

Page 2
Mr. Mark Whitehead
June 1, 2007

defense of Seacor in this action by proceeding to defend the case on its merits, or, if you choose, to negotiate a settlement with Plaintiff. Seacor claims full defense and indemnity from Cummins and looks to Cummins for any liability or expense which Seacor may incur in connection with any trial or settlement in this matter. Seacor and its lawyers, will, of course, cooperate with Cummins in every reasonable way in providing documents and information.

Under the Agreement, Cummins must indemnify Seacor from claims arising out of, or incident to "the work to be performed [and] services rendered" by Cummins under the contract. Mr. Duet was on the *Miss Kathryn* in connection with those services. Further, under the Agreement, Cummins must indemnify Seacor regardless of whether the alleged injuries were caused "by the negligence of Contractor [Seacor]" or by "the unseaworthiness of any vessel owned, operated or controlled by" Seacor.

### *Demand for Additional Assured Status*

Under Section 6 of the Agreement, Cummins is obligated to carry various insurance policies naming Seacor as an additional assured. The required policies include Workers Compensation, Maritime Employer's Liability, and Protection and Indemnity ("P&I") coverage. Please place Cummins' underwriters on notice that Seacor is making a claim for coverage under these policies. **In addition, please provide us with the name of your agent or broker and copies of each cover note and policy described in Section 6 so we make a demand directly upon the underwriters at risk on those policies.**

### *Conclusion*

Formal demand is hereby made upon Cummins to defend and indemnify Seacor from any losses, damages, expenses or liability arising out of this lawsuit. Please indicate your acceptance of this tender by executing and returning the enclosed copy of this letter.

Please provide us with a response to this demand on or before Friday, June 8, 2007. If we have not heard from you favorably by that time, we shall assume Cummins has decided not to accept the defense and indemnity of Seacor. At that time Seacor will proceed to defend the case or resolve it in a manner we determine appropriate, and look to Cummins for reimbursement.

Should you have any questions or require anything further regarding the above, please do not hesitate to contact us.

Very truly yours,

LEGGE, FARROW, KIMMITT, MCGRATH & BROWN, L.L.P.

James T. Brown

Page 3
Mr. Mark Whitehead
June 1, 2007

SEACOR MARINE INC.'S TENDER OF INDEMNITY
AND DEFENSE AS INDICATED ABOVE IS HEREBY
ACCEPTED THIS _____ DAY OF _____, 2007

Cummins Mid-South Inc.

BY: _____

_____ (Print Name)

_____ (Title)

**From:** mark.whitehead@cummins.com [mailto:mark.whitehead@cummins.com]
**Sent:** Tuesday, June 26, 2007 1:41 PM
**To:** Jim Brown
**Subject:** Paul Duet v Seacor Marine LLC et al

Hi Jim,

As per our conversation, Cummins Mid-South, LLC does not agree to defend and indemnify Seacor from any losses, damages, expenses or liability arising out of the suit filed by Paul Duet against Seacor, as I'm not aware that Cummins Mid-South, LLC has agreed to such in the past.

Mark Whitehead
Cummins Mid-South, LLC
(901) 577-0670

6/27/2007



**AIG Domestic Claims, Inc.**
**Property/Casualty Division**
9401 Indian Creek Parkway, 13th Floor, Suite 1300
Overland Park, KS 66210
913.338.9200
800.242.2987 Toll Free
913.338.9330 Fax

June 19, 2007

**REPLY TO:**
P.O. Box 25588
Shawnee Mission, KS 66225

Legge, Farrow, Kimmitt, McGrath & Brown
6363 Woodway, Suite 400
Houston, TX 77057
Attn: James T. Brown

IN RE:
    OUR FILE No.:   683-152122
    INSURED:       Cummins Mid-South LLC
    CLAIMANT:      Paul Duet
    DATE OF LOSS : 2-12-07
    YOUR FILE:     288-015
    YOUR CLIENT:   Seacor

Dear Mr. Brown:

Please be advised that the above captioned claim is assigned to Richard D. Tallmadge and may be contacted at 1-800-242-2987, #9251.

We have reviewed the contract on which you base your tender to our insured. The contract is between Seacor and Cummins Mid-South, Inc., and does not bind Cummins Mid-South LLC.

Unless you have a contract that binds Cummins Mid-South LLC, we must deny your tender to our insured.

If you have any questions or need to discuss this matter further, please contact me at the phone number listed above.

Sincerely,

*[signature]*

Richard D. Tallmadge
Casualty Claims Specialist

CC:   Mark Whitehead
      Cummins Mid-South LLC
      9508 Highway 182 East
      Morgan City, LA 70380

JUN 2 5 2007

7/3/07



**AIG Domestic Claims, Inc.**
**Divisional Claims Office**
Western Zone
P.O. Box 25588
Shawnee Mission, KS 66225
913-338-9200
913-338-9336 (Fax)

Legge, Farrow, Kimmitt, Mcgrath & Brown, LLP
James T. Brown
6363 Woodway
Suite 400
Houston, TX. 77057

RE: Insured      Cummins Mid-South, LLC
    Policy       WC 720-93-95
    Claim No.    709-493645
    Claimant     Paul Duet
    Date of Loss 2/12/07
    Your Client  Seacor

Dear Mr. Brown:

AIG Domestic Claims Inc is the authorized claims administer for New Hampshire Insurance Company on behalf of its insured Cummins Mid-South, LLC, under its Workers Compensation policy. The above claim has been assigned to me for investigation and handling. I have received the letter from you to Cummins Mid-South, Inc. dated June 1, 2007, in which you demand defense and indemnity from Cummins Mid-South, Inc in the matter of Paul Duet vs. Seacor Marine LLC, et al. pending in the US DC for the Southern District of Texas, Galveston Division.

After careful review of the allegations in the lawsuit, the provisions in the contract between Seacor Marine Inc and Cummins Mid-South, Inc. and a thorough review of the coverages afforded under our policy, we must decline to honor your tender.

Your letter asserts that the contract requires Cummins Mid-South Inc to provide additional insured status to Seacor. I have reviewed the contract and note that it was negotiated between Seacor and Cummins Mid-South Inc. Our insured is Cummins Mid-South, LLC. Our insured, Cummins Mid-South, LLC is not a party to the contract and therefore would not be bound by the contract.

If there are any additional questions or concerns, please contact me at 913-338-9261.

Sincerely,

William C. Sipfle
Director- Complex Claims

A Member Company of
American International Group, Inc.