UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

IN RE: INTERNATIONAL MARINE, LLC     CIVIL ACTION

NO. 07-6424
REF: ALL CASES

SECTION "L" (3)


**ORDER & REASONS**

Currently pending before the Court is the Plaintiff's Motion for Leave to File First Amended Complaint. (Rec. Doc. 157). For the following reasons, the Plaintiff's motion is DENIED.

**I.   BACKGROUND**

This litigation arises out of two consolidated cases: a personal injury lawsuit brought by the Plaintiff, Paul Duet, and a limitation of liability action filed by International Marine, LLC. Both lawsuits arise out of an alleged collision on February 12, 2007, between the M/V INTERNATIONAL TITAN and the crewboat, the MISS KATHRYN, near Cameron Parish, Louisiana. On April 3, 2007, the Plaintiff, Paul Duet, filed suit against Defendants Seacor Marine, LLC, Seacor Marine, Inc., and International Marine, LLC, in the United States District Court, Southern District of Texas, Galveston Division. On September 25, 2007, the court transferred the case to this district. On October 3, 2007, International Marine, LLC, as the owner and operator of the M/V INTERNATIONAL TITAN, filed a limitation of liability action. On October 4, 2007, the personal injury action was assigned Civil Action No. 07-6507. On December 10, 2007, this Court ordered that the cases be consolidated. As per the scheduling

order, trial was set for March 2, 2009, and the pretrial conference was set for February 13, 2009.

On June 24, 2008, Seacor Marine, LLC, and Seacor Marine, Inc., filed a third-party demand against Cummins Mid-South, Inc., Cummins Mid-South, LLC, and New Hampshire Insurance Company. On December 16, 2008, Cummins Mid-South, LLC, filed a motion to continue the trial date. (Rec. Doc. 122). The Plaintiff expressly opposed any continuance of the trial date, arguing that a continuance would cause the Plaintiff "undue hardship." (Rec. Doc. 124). In large part due to the Plaintiff's objection, the Court denied Cummins Mid-South, LLC's motion to continue. (Rec. Doc. 132). Instead, the Court severed the third-party action, thus preserving the Plaintiff's trial date and avoiding undue prejudice to any party. *Id.*

On February 12, 2009, the night before the Pretrial Conference and slightly more than two weeks prior to trial, the Plaintiff filed a Motion for Leave to File First Amended Complaint (Rec. Doc. 157) and a Motion to Expedite (Rec. Doc. 158). The Plaintiff seeks to amend his complaint to add allegations of gross negligence and claims for punitive damages. (Rec. Doc. 157). On February 13, 2009, the Court granted the Plaintiff's Motion to Expedite and issued a briefing schedule for opposition to the motion. Seacor Marine, Inc., Seacor Marine, LLC, International Marine, LLC, and Cummins Mid-South, LLC, have all filed oppositions to the Plaintiff's motion.

## II.     LAW & ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that, in general, leave to amend "shall be freely given when justice so requires." When a party seeks to amend pleadings after a scheduling order deadline has expired, however, the stricter standards of Rule 16(b) apply, and the scheduling order "shall not be modified except upon a showing of good cause and by leave of

the district judge." *See S&W Enterprises, LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."). In *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003), the Fifth Circuit set our four factors for consideration in determining whether a movant has shown good cause for seeking leave to amend after expiration of a scheduling order deadline:

> (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.

(quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). Courts may also consider such additional factors as "undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment." *Louisiana v. Litton Mortgage Co.*, 50 F.3d 1298, 1303 (5th Cir. 1995).

Turning to the instant case, the Court finds that the Plaintiff has failed to demonstrate good cause for seeking leave to amend his complaint at this late stage of the proceedings. Under the terms of the Court's Scheduling Order, the deadline to amend pleadings expired on June 20, 2008. The Plaintiff did not seek leave to amend until February 12, 2009, one day before the Pretrial Conference and a mere seventeen days before the trial of these consolidated cases. In an attempt to demonstrate the timeliness of his motion, the Plaintiff argues that the testimonies of Captains Smith and McCauley, both of whom were deposed well after the pleading deadline

3

expired, serve as the foundation for his claim of gross negligence. The Court notes, however, that the Plaintiff's own deposition was taken on July 23, 2008. Similarly, the Captain of the M/V INTERNATIONAL TITAN was deposed on July 24, 2008. Both International Marine and Seacor report that they have produced written discovery to the Plaintiff, including accident reports and the U.S. Coast Guard file for this collision, all of which appear to be consistent with the testimony of both captains. Given the amount of information the Plaintiff had available to him, it is unclear why he chose to delay seeking leave to amend his complaint until the eleventh hour of these proceedings. The Plaintiff's explanation for the delay is unpersuasive.

In addition, the Court notes that the Plaintiff has had every opportunity to continue this matter or extend the discovery and pleading deadlines if he felt that he needed additional time to take depositions and/or prepare amended pleadings to give opposing counsel fair notice of his additional claims. Indeed, not only did the Plaintiff not seek a continuance, but he strenuously opposed Cummins Mid-South, LLC's request to continue the trial, arguing that any delay would have resulted in a significant hardship to him. In an about-face, the Plaintiff now argues that the Defendants should not claim surprise or hardship that he seeks to introduce claims for gross negligence and bad faith penalties on the very eve of trial. The Defendants, however, have no doubt arranged their affairs and prepared their defenses according to the allegations and causes of action contained in the Plaintiff's complaint. At this late stage of the proceedings, the Plaintiff's proposed amendment would unduly prejudice the Defendants. In consideration of all of the factors set forth above, including the procedural history of this case as well as the imminent trial date, the Court finds that the Plaintiff has failed to demonstrate good cause for seeking leave to amend his complaint.

### III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion for Leave to File Amended Pleadings IS DENIED.

New Orleans, Louisiana, this 26th day of February, 2009.

_____
UNITED STATES DISTRICT JUDGE